# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):   **Chantel LaShawn Morton**                                    Case No: **07-32007**

This plan, dated **August 3, 2008**, is:

☐ the *first* Chapter 13 plan filed in this case.
☒ a modified plan, which replaces the plan dated **10/22/07**.

Date and Time of <u>Modified Plan</u> Confirming Hearing:
**Sept. 10, 2008 at 11:00 am**
Place of <u>Modified Plan</u> Confirmation Hearing:
**Chief Judge Douglas O. Tice Courtroom 5100, 701 E. Broad Street, Richmond, VA 23219**

The plan provisions modified by this filing are:
**1. Payments changed to fund tax claims**

Creditors affected by this modification are:
**All**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than ten (10) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.  Confirmation hearing is set for Sept. 10, 2008 at 11:00  Chief Judge Douglas O. Tice Courtroom 5100, 701 E. Broad Street, Richmond, VA 23219.**

The debtor(s)' schedules list assets and liabilities as follows:

   Total Assets: **$15,252.00**
   Total Non-Priority Unsecured Debt: **$3,621.61**
   Total Priority Debt: **$1,519.66**
   Total Secured Debt: **$14,624.50**

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                                    Best Case Bankruptcy

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$440.00 Monthly for 2 months, then -0- payments for 3 months then $550.00 Monthly for 44 months**. Other payments to the Trustee are as follows: __**NONE**__. The total amount to be paid into the plan is $__**25,080.00**__.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   A. **Administrative Claims under 11 U.S.C. § 1326.**

      1. The Trustee will be paid 10% of all sums disbursed except for funds returned to the debtor(s).
      2. Debtor(s)' attorney will be paid $__**3,234.00**__ balance due of the total fee of $__**0.00**__ concurrently with or prior to the payments to remaining creditors.

   B. **Claims under 11 U.S.C. §507.**
      The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---:|---:|
| **County of Henrico** | **Taxes and certain other debts** | 80.00 | Prorata<br>14 months |
| **Internal Revenue** | **Taxes and certain other debts** | 1,030.33 | Prorata<br>14 months |
| **Internal Revenue** | **Taxes and certain other debts** | 409.33 | Prorata<br>14 months |

3. **Secured Creditors and Motions to Value Collateral.**

   This paragraph provides for claims of creditors who hold debts that are secured by real or personal property of the debtors(s) but (a) are not secured solely by the debtor(s)' principal residence and (b) do not have a remaining term longer than the length of this plan.

   A. **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days of the filing of the bankruptcy petition, or if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). **Upon confirmation of the plan, the interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase Date | (d)<br>Est Claim Amt | (e)<br>Interest Rate | (f)<br>Monthly Paymt & Estimate Term** |
|---|---|---|---:|---:|---:|
| **County of Henrico** | | | 312.50 | 4% | 7.34<br>46 months |
| **Drive Financial** | 2005 Dodge Stratus | | 13,060.00 | 10% | 342.96<br>46 months |
| **Home Furnishings** | Firniture | | 1,252.61 | 10% | 32.88<br>46 months |

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

**B.**  **Claims to Which §506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 3.A. After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. **Upon confirmation of the plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Replacement Value | (e) Interest Rate | (f) Monthly Paymt & Estimate Term** |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**\*\* THE MONTHLY PAYMENT STATED HERE SHALL BE THE ADEQUATE PROTECTION PAYMENTS PURSUANT TO 1326(a)(1)(C) TO THESE CREDITORS UNLESS OTHERWISE PROVIDED IN PARAGRAPH 11 OR BY SEPARATE ORDER OF THE COURT.**

**C.**  **Collateral to be surrendered.** Upon confirmation of the plan, or before, the debtor will surrender his or her interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled shall be paid as a non-priority unsecured claim. The order confirming the plan shall have the effect of terminating the automatic stay as to the collateral surrendered.

| Creditor | Collateral Description | Estimated Total Claim | Full Satisfaction (Y/N) |
|---|---|---|---|
| -NONE- | | | |

**4.**  **Unsecured Claims.**

**A.**  **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __12__ %. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately __0__ %.

**B.**  **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**5.**  **Long Term Debts and claims Secured by the Debtor(s)' Primary Residence.**

Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

**A.**  **Debtor(s) to pay claim directly.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                                Best Case Bankruptcy

  B. **Trustee to pay the contract payments and the arrearages.**  The creditors listed below will be paid by the Trustee the regular contract monthly payments during the term of this plan.  The arrearage claims, if any, will be cured by the Trustee by payments made either pro rata with other secured claims or by fixed monthly payments as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

**6.** **Executory Contracts and Unexpired Leases.**  The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

  A. **Executory contracts and unexpired leases to be rejected.**  The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

  B. **Executory contracts and unexpired leases to be assumed.**  The debtor(s) assume the following executory contracts.  The debtor agrees to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

**7.** **Motions to Avoid Liens.**

  A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis and Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

  B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).**  The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests.  The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief.  The listing here is for informational purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.** **Treatment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

**9.** **Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property without approval of the court.

**10.    Incurrence of indebtedness.**  During the term of the plan, the debtor(s) shall not voluntarily incur additional indebtedness in an amount exceeding $5,000 without approval of the court.

**11.    Other provisions of this plan:**

**Adequate protection payments to drive financial $69.79**

**Signatures:**

Dated:    **August  3, 2008**

**/s/ Chantel LaShawn Morton**
**Chantel LaShawn Morton**
**Debtor**

**/s/ Hartley E. Roush**
**Hartley E. Roush 30042**
**Debtor's Attorney**

**Exhibits:**    **Copy of Debtor(s)' Budget (Schedules I and J);**
**Matrix of Parties Served with plan**

Certificate of Service

I certify that on    **August  4, 2008**   , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Hartley E. Roush**
**Hartley E. Roush 30042**
Signature

**7204 Glen Forest Drive**
**Suite 104**
**Richmond, VA 23226**
Address

**(804) 282-2021**
Telephone No.

Ver. 06/28/06 [effective 09/01/06]

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy

Official Form 6I (10/06)

In re **Chantel LaShawn Morton**　　　　　　　　　　　　　　　　　　Case No. **07-32007**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | |
|---|---|---|---|---|
| **Single** | Relationship: daughter | Age: 13 | Relationship: | Age: |

| Employment | Debtor | Spouse |
|---|---|---|
| Occupation | Customer Service Rep | |
| Name of Employer | Comcast | |
| How Long Employed | 4.5 yrs | |
| Address of Employer | 5401 Staples Mill Road<br>Richmond, VA 23228 | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | **DEBTOR** | **SPOUSE** |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $3,990.59 | |
| 2. Estimate monthly overtime | $0.00 | |
| 3. SUBTOTAL | **$3,990.59** | |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes (includes social security tax if b. is zero) | $746.16 | |
|    b. Social Security Tax | $0.00 | |
|    c. Medicare | $0.00 | |
|    d. Insurance | $179.16 | |
|    e. Union dues | $0.00 | |
|    f. Retirement | $0.00 | |
|    g. Other (Specify) | $0.00 | |
|    h. Other (Specify) | $0.00 | |
|    i. Other (Specify) | $0.00 | |
|    j. Other (Specify) | $0.00 | |
|    k. Other (Specify) | $0.00 | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | **$925.32** | |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | **$3,065.27** | |
| 7. Regular income from operation of business or profession or farm (Attach detailed stmt) | $0.00 | |
| 8. Income from real property | $0.00 | |
| 9. Interest and dividends | $0.00 | |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | |
| 11. Social security or government assistance (Specify): _____ | $0.00 | |
| 12. Pension or retirement income | $0.00 | |
| 13. Other monthly income (Specify): | | |
|    a. _____ | $0.00 | |
|    b. _____ | $0.00 | |
|    c. _____ | $0.00 | |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | **$0.00** | |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | **$3,065.27** | |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | **$3,065.27** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None.**

Official Form 6J (10/06)

| | |
|---|---|
| IN RE: **Chantel LaShawn Morton** | CASE NO **07-32007** |
| | CHAPTER **13** |

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $930.00 |
|    a. Are real estate taxes included?  ☐ Yes  ☒ No | |
|    b. Is property insurance included?  ☐ Yes  ☒ No | |
| 2. Utilities: a. Electricity and heating fuel | $180.00 |
|          b. Water and sewer | |
|          c. Telephone | |
|          d. Other: cell phone | $150.00 |
| 3. Home maintenance (repairs and upkeep) | |
| 4. Food | $355.00 |
| 5. Clothing | $46.00 |
| 6. Laundry and dry cleaning | $75.00 |
| 7. Medical and dental expenses | $146.27 |
| 8. Transportation (not including car payments) | $280.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | |
| 10. Charitable contributions | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|        a. Homeowner's or renter's | |
|        b. Life | |
|        c. Health | |
|        d. Auto | $185.00 |
|        e. Other: | |
| 12. Taxes (not deducted from wages or included in home mortgage payments)<br>Specify: Personal Property Taxes | $18.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|       a. Auto: | |
|       b. Other: | |
|       c. Other: | |
|       d. Other: | |
| 14. Alimony, maintenance, and support paid to others: | |
| 15. Payments for support of add'l dependents not living at your home: | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| 17.a. Other: Miscellaneous | $150.00 |
| 17.b. Other: | |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | **$2,515.27** |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: **None.** | |
| 20. STATEMENT OF MONTHLY NET INCOME | |
| a. Average monthly income from Line 15 of Schedule I | $3,065.27 |
| b. Average monthly expenses from Line 18 above | $2,515.27 |
| c. Monthly net income (a. minus b.) | $550.00 |

# United States Bankruptcy Court
### Eastern District of Virginia

In re **Chantel LaShawn Morton**　　　　　　　　　　　Case No. **07-32007**
　　　　　　　　　　　　　　Debtor(s)　　　　　　　Chapter **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:　**County of Henrico
ATTN: Rhysa G. South
P.O. Box 27032
Richmond, VA 23273-7032**
*Name of creditor*

*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

　　☒　To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

　　☐　To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

　　Date objection due:　**10 days prior to Confirmation Hearing**
　　Date and time of confirmation hearing:　**Sept. 10, 2008 at 11:00**
　　Place of confirmation hearing:　**Chief Judge Douglas O. Tice Courtroom 5100, 701 E. Broad Street, Richmond, VA 23219**

　　　　**Chantel LaShawn Morton**
　　　　*Name(s) of debtor(s)*

　　By:　**/s/ Hartley E. Roush**
　　　　**Hartley E. Roush 30042**
　　　　*Signature*

　　☒ Debtor(s)' Attorney
　　☐ Pro se debtor

　　**Hartley E. Roush 30042**
　　*Name of attorney for debtor(s)*
　　**7204 Glen Forest Drive
　　Suite 104
　　Richmond, VA 23226**
　　*Address of attorney [or pro se debtor]*

　　Tel. #　**(804) 282-2021**
　　Fax #　**(804) 282-2274**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this __**August 4, 2008**__.

                        **/s/ Hartley E. Roush**
                        **Hartley E. Roush 30042**
                        *Signature of attorney for debtor(s)*

Ver. 06/28/06 [effective 09/01/06]

# United States Bankruptcy Court
## Eastern District of Virginia

In re **Chantel LaShawn Morton**　　　　　　　　　　　　Case No. **07-32007**
　　　　　　　　　　　　　　　　　　　Debtor(s)　　　　Chapter **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Drive Financial**
**Bankruptcy Dept.**
**P.O. Box 29018**
**Phoenix, AZ 85038**
*Name of creditor*

**2005 Dodge Stratus**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ☒ To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **10 days prior to Confirmation Hearing** |
| Date and time of confirmation hearing: | **Sept. 10, 2008 at 11:00** |
| Place of confirmation hearing: | **Chief Judge Douglas O. Tice Courtroom 5100, 701 E. Broad Street, Richmond, VA 23219** |

**Chantel LaShawn Morton**
*Name(s) of debtor(s)*

By: **/s/ Hartley E. Roush**
**Hartley E. Roush 30042**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**Hartley E. Roush 30042**
*Name of attorney for debtor(s)*
**7204 Glen Forest Drive**
**Suite 104**
**Richmond, VA 23226**
*Address of attorney [or pro se debtor]*

Tel. # **(804) 282-2021**
Fax # **(804) 282-2274**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **August  4, 2008**   .

                                          **/s/ Hartley E. Roush**
                                          **Hartley E. Roush 30042**
                                          *Signature of attorney for debtor(s)*

Ver. 06/28/06 [effective 09/01/06]

# United States Bankruptcy Court
## Eastern District of Virginia

In re **Chantel LaShawn Morton**                                                  Case No. **07-32007**
                            Debtor(s)                                             Chapter **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To: **Home Furnishings**
**PO Box 12812**
**Norfolk, VA 23514**
*Name of creditor*

**Firniture**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

    ☒ To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

    ☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2. ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **10 days prior to Confirmation Hearing** |
| Date and time of confirmation hearing: | **Sept. 10, 2008 at 11:00** |
| Place of confirmation hearing: | **Chief Judge Douglas O. Tice Courtroom 5100, 701 E. Broad Street, Richmond, VA 23219** |

**Chantel LaShawn Morton**
*Name(s) of debtor(s)*

By: **/s/ Hartley E. Roush**
**Hartley E. Roush 30042**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**Hartley E. Roush 30042**
*Name of attorney for debtor(s)*
**7204 Glen Forest Drive**
**Suite 104**
**Richmond, VA 23226**
*Address of attorney [or pro se debtor]*

Tel. # **(804) 282-2021**
Fax # **(804) 282-2274**

CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this __**August 4, 2008**__ .

                                            **/s/ Hartley E. Roush**
                                            **Hartley E. Roush 30042**
                                            *Signature of attorney for debtor(s)*

Ver. 06/28/06 [effective 09/01/06]

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0422-3<br>Case 07-32007-DOT<br>Eastern District of Virginia<br>Richmond<br>Sun Aug  3 17:57:30 EDT 2008 | United States Bankruptcy Court<br>1100 East Main Street<br>Richmond, VA 23219-3538 | Allianceone Receivables Mngmt, Inc.<br>PO Box 2449<br>Gig Harbor, WA 98335-4449 |
| Berks Cc (VA Womens Ctr<br>P.o. Box 329<br>Temple, PA 19560-0329 | Brock Klich<br>3951 Western Pkwy, Ste 100<br>Richmond, VA 23294 | Capital Recovery Assoc (Michaels Str<br>4505 N Front St<br>Harrisburg, PA 17110-1708 |
| Chantel LaShawn Morton<br>P.O. Box 2061<br>Glen Allen, VA 23058-2061 | Charlot Bur (Commweath Lab<br>Pob 6220<br>Charlottesvill, VA 22906-6220 | Checkcare Systems<br>PO Box 62400<br>Virginia Beach, VA 23466-2400 |
| Collection Law Asso. P.C.<br>P.O. Box 62813<br>Virginia Beach, VA 23466-2813 | Commonwealth Primary Care Inc<br>1800 Glenside Drive, Suite 110<br>Richmond, VA 23226-3769 | Credit Collection Svc (Progressive Ins<br>Po Box 773<br>Needham, MA 02494-0918 |
| Credit Control Corp (Comcast<br>11825 Rock Landing Dr<br>Newport News, VA 23606-4236 | DRIVE FINANCIAL SERVICES<br>PO BOX 560284<br>DALLAS, TX 75356-0284 | Dr. George A. Oley & Associates<br>9030 Three Chopt Road, Ste A<br>Richmond, VA 23229-4641 |
| Dr. James Wells<br>7113 Three Chopt Rd, #101<br>Richmond, VA 23226-3643 | Drive Financial<br>8585 N Stemmons Fwy Ste<br>Dallas, TX 75247-3836 | Express<br>Po Box 330066<br>Northglenn, CO 80233-8066 |
| Focus Recry (Pediatric of Richmond<br>97 Metropolitan Co Suite B<br>Richmond, VA 23236 | Gold's Gym<br>8904 West Broad Street<br>Richmond, VA 23294-5826 | Hall Associates<br>560 Route 303, Suite 209<br>Orangeburg, NY 10962-1334 |
| Haselman & Hunt, DDS<br>10120 Robius Road<br>Richmond, VA 23235-4432 | Henrico County FCU<br>8611 Dixon Powers<br>Richmond, VA 23228-2758 | Henrico County, VA<br>Rhysa Griffith South, Assist Cty Atty<br>P.O. Box 27032<br>Richmond, VA  23273-7032 |
| Home Furnishings<br>5324 Virginia Beach Blvd<br>Virginia Beach, VA 23462-1828 | Home Furnishings Credit Company<br>PO Box 12812<br>Norfolk, VA 23541-0812 | Ibo/credit (Saxon Shoes<br>1100 Charles Ave S<br>Dunbar, WV 25064-3115 |
| Ic Systems Inc (VA Women Ctr<br>Po Box 64378<br>Saint Paul, MN 55164-0378 | James C. Wallace, DDS, PC<br>c/o Parrish and Lebar, LLP<br>5 E. Franklin St.<br>Richmond VA 23219-2105 | Kevin & Susan Cassidy<br>103 Light Court<br>Folsum, CA 95630-1570 |

Krumbein & Associates, PLLC
1650 Willow Lawn Drive, Ste 300
Richmond, VA 23230-3435

Lakeside Plumbing Co.
5203 Hatchel St.
Richmond, VA 23231-3127

Leland Scott & Associa (Victory Lady
1600 E Pioneer Pkwy Ste
Arlington, TX 76010-6542


Mitchell N. Kay
for T-Mobile
Seven Penn Plaza
New Yrk, NY 10001-3967

Natlcrsys (Dominion Gayton Cross
P.o. Box 312125
Atlanta, GA 31131-2125

Parrish & Lebar, LLP
for J. Lloyd Cumbey
5 East Franlin Street
Richmond, VA 23219-2105


Partners Financial
1200 New York Ave
Glen Allen, VA 23060-3812

Patient First
c/o Receivables Mgmt Svcs
PO Box 8630
Richmond, VA 23226-0630

Plaza Associates
for TMobile
JAF Station, P.O. Box 2769
New York, NY 10116-2769


Receivable Management (Patient 1st
7206 Hull Street Rd Ste
Richmond, VA 23235-5827

Robert Van Arsdale
Acting Assistant U.S. Trustee
600 East Main St., Ste 301
Richmond, VA 23219-2430

Royal Dermatology & Aesthetic
505 W. Leigh St, Ste 304
Richmond, VA 23220-3248


Sprint
P.O. Box 62012
Baltimore, MD 21264-2012

The Affiliated Group I (kns funding
316 1st Ave Sw
Rochester, MN 55902-3314

The Price Company dba Costco Wholesale
Caudle & Ballato, PC
3123 W. Broad Street
Richmond, VA 23230-5106


U.S. Trustee Office
600 E. Main St., Suite 120
Richmond, VA 23219-2430

United Compucred (winn dixie
4190 Harrison Ave
Cincinnati, OH 45211-4599

Verizon Virginia Inc
Po Box 165018
Columbus, OH 43216-5018


Verizon Wireless
P.O. Box 17464
Baltimore, MD 21297-1464

Virginia Womens Center
5875 Bremo Rd, Ste 400
Richmond, VA 23226-1928

Vision Financial Corp
for Golds Gym
P.O. Box 900
Purchase, NY 10577-0900


Walter J. Sheffield
P.O. Box 7906
Fredericksburg, VA 22404-7906

Hartley E. Roush
White and Associates, PC
7204 Glen Forest Drive, Suite 104
Richmond, VA 23226-3783

Robert E. Hyman
P.O. Box 1780
Richmond, VA 23218-1780


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Chantel LaShawn Morton
P.O. Box 2061
Glen Allen, VA 23058-2061

End of Label Matrix
Mailable recipients    53
Bypassed recipients     1
Total                  54